# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al*, [1]<br><br>　　　　　　Debtors. | Chapter 7<br>Case No. 23-10253 (KBO) |
| GEORGE MILLER, Chapter 7 Trustee of the Bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>　　　　　　Plaintiff,<br>v.<br><br>ALKU TECHNOLOGIES, LLC,<br><br>　　　　　　Defendant. | Adv. Proc. No. 25-50231 (KBO) |

**ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant ALKU Technologies, LLC ("ALKU") for its Answer (the "Answer") to the Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint"), filed by the plaintiff George Miller, in his capacity as Chapter 7 Trustee (the "Plaintiff") of the bankruptcy estates of Akorn Holding Company LLC, *et al*, in the above-captioned adversary case (the "Action"), states as follows:

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediated Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

4916-0910-8321.v1

## NATURE OF ACTION

1. The allegations of Paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in paragraph 1.

2. The allegations of Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. The allegations of Paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in paragraph 3.

4. The allegations of Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in paragraph 4.

5. The allegations of Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in paragraph 5.

6. The allegations of Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in paragraph 6.

7. The allegations of Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in paragraph 7.

8. The allegations of Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in paragraph 8.

## THE PARTIES

9. Admitted.

10. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis, denies the allegations.

11. Admitted.

## BACKGROUND

12. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis, denies the allegations.

13. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis, denies the allegations.

14. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies the allegations.

15. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, denies the allegations.

16. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis, denies the allegations.

17. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis, denies the allegations.

18. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis, denies the allegations.

19. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis, denies the allegations.

20. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis, denies the allegations.

21. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis, denies the allegations.

22. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis, denies the allegations.

23. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis, denies the allegations.

24. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis, denies the allegations.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

25. ALKU incorporates its responses to all preceding paragraphs as if fully set forth herein.

26. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis, denies the allegations.

27. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis, denies the allegations.

28. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis, denies the allegations.

29. The allegations in Paragraph 29 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in Paragraph 30.

31. The allegations in Paragraph 31 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations in Paragraph 32.

33. The allegations contained in Paragraph 33 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 33.

34. The allegations contained in Paragraph 34 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 34.

35. The allegations contained in Paragraph 35 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 35.

## COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))

36. ALKU incorporates its responses to all preceding paragraphs as if fully set forth herein.

37. The allegations contained in Paragraph 37 and all subparagraphs therein constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 37.

38. ALKU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on that basis, denies the allegations. Additionally, the allegations contained in Paragraph 38 constitute legal conclusions to which no response is required. Again, to the extent an answer is required, ALKU denies the allegations of Paragraph 38.

## COUNT III
### (Recovery of Property – 11 U.S.C. § 550)

39. ALKU incorporates its responses to all preceding paragraphs as if fully set forth herein.

40. The allegations contained in Paragraph 40 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 40.

41. The allegations contained in Paragraph 41 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 41.

42. The allegations contained in Paragraph 42 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 42.

## COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502)

43. ALKU incorporates its responses to all preceding paragraphs as if fully set forth herein.

44. The allegations contained in Paragraph 44 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 44.

45. The allegations contained in Paragraph 45 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 45.

46. The allegations contained in Paragraph 46 constitute legal conclusions to which no response is required. To the extent an answer is required, ALKU denies the allegations of Paragraph 46.

**WHEREFORE,** based on the foregoing, any alleged transfers by the Plaintiff are not recoverable. ALKU requests that the Court deny Plaintiff's requests for relief and award ALKU such other relief as the Court may deem just and proper, including but not limited to attorneys' fees and costs incurred in the defense of this Action.

## AFFIRMATIVE AND OTHER DEFENSES

ALKU sets forth below its affirmative and other defenses. By setting forth the below defenses, ALKU does not allege or admit that it has any burden of proof and/or the burden of persuasion with respect to any of these matters, or that the Plaintiff is relieved of its burden to

prove each and every element of its claims and alleged damages, if any, to which the Plaintiff believes it is entitled. ALKU also hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery and other pretrial proceedings in this Action and hereby reserves the right to amend this Answer and assert such defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and fails to state facts sufficient to constitute a claim against ALKU pursuant to the Federal Rules of Civil Procedure 9 and 12(b)(6) and other applicable law. ALKU contends that the Plaintiff was never insolvent at a time when any payment to ALKU, from the Plaintiff, occurred. For example, the Plaintiff fails to identify the nature of payments or obligations in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff may not avoid the alleged payments to ALKU as such alleged payments were intended to be a contemporaneous exchange for new value given to the Debtor and were in fact a substantially contemporaneous exchange pursuant to section 547(c)(1) of the Bankruptcy Code, 11 U.S.C. § 547(c)(1).

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff may not avoid the alleged payments to ALKU as such alleged payments were made in payment of debts incurred by the Plaintiff in the ordinary course of business or financial affairs of the Plaintiff and ALKU; were made in the ordinary course of business or financial affairs of the Plaintiff and ALKU; and/or were made according to ordinary business terms, and accordingly are not avoidable pursuant to section 547(c)(2) of the Bankruptcy Code, 11 U.S.C. § 547(c)(2).

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff may not avoid the alleged payments made to ALKU to the extent ALKU gave new value to or for the benefit of the Plaintiff which was not secured by an otherwise unavoidable security interest and on account of which new value the Plaintiff did not make an otherwise avoidable transfer to or for the benefit of ALKU pursuant to section 547(c)(4) of the Bankruptcy Code, 11 U.S.C. § 547(c)(4).

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff may not avoid any alleged fraudulent conveyances to ALKU to the extent ALKU received any such transfer in good faith and gave reasonably equivalent value to the Plaintiff in exchange for such payment pursuant to 11 U.S.C. § 548(c), gave new value to or for the benefit of the Plaintiff which was not secured by an otherwise unavoidable security interest and on account of which new value the Plaintiff did not make an otherwise avoidable transfer to or for the benefit of ALKU pursuant to section 547(c)(4) of the Bankruptcy Code, 11 U.S.C. § 547(c)(4).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from asserting its claims because the transaction complained of benefited the Plaintiff and was affirmed and completed with Plaintiff's knowledge, agreement, or acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE**

Although ALKU denies that it owes any amounts to Plaintiff, in the event the Court determines that amounts are due to the Plaintiff from ALKU, those amounts should be offset by any amounts determined to be due to ALKU from the Plaintiff in connection with the same transactions and occurrences.

**EIGHTH AFFIRMATIVE DEFENSE**

The alleged transfers which are the subject of the Complaint may not be recovered by the Plaintiff pursuant to § 550 of the Bankruptcy Code to the extent ALKU acted in good faith, and gave value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided, pursuant to 11 U.S.C. § 550(b).

**NINTH AFFIRMATIVE DEFENSE**

To the extent any executory contract which formed the basis of the alleged transfer from the Plaintiff to ALKU was assumed pursuant to 11 U.S.C. § 365 by the Plaintiff and/or its estate, the Plaintiff may not avoid the alleged transfer(s).

**TENTH AFFIRMATIVE DEFENSE**

The alleged preferential transfer funds which the Plaintiff seeks to recover were never property of the Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extend any funds the Plaintiff is seeking to recover are subject to governing documents or agreements limiting the use of such funds in a way, including, but not limited to, segregation of assets and liabilities, the Plaintiff is estopped from using the funds in a manner contrary to such governing documents or agreements.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every alleged claim for relief set forth therein, is barred and/or recovery is limited or excluded based on the doctrine of unclean hands.

### RESERVATION OF ALTERNATIVE DEFENSES

ALKU reserves the right to assert further affirmative defenses and to amend its Answer in the future in the event discovery or further proceedings indicate such additional defenses would be appropriate.

### PRAYER FOR RELIEF

**WHEREFORE**, ALKU respectfully requests that this Court enter an Order: (i) granting the relief ALKU requests; (ii) dismissing the Complaint and the relief requested; (iii) directing the Plaintiff to bear ALKU's costs and fees incurred in defending this Action; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: August 22, 2025

**FOX ROTHSCHILD LLP**

*/s/ Stephanie Slater Ward*
Stephanie Slater Ward (No. 6922)
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
Email: sward@foxrothschild.com

-and-

**SHERIN AND LODGEN LLP**
John C. La Liberte
One Lincoln Street
14th Floor
Boston, MA 02111
Telephone: (617) 646-2173
Email: JCLaLiberte@sherin.com

*Counsel to ALKU Technologies, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 was served via the Court's CM/ECF system upon all parties registered to receive notice and was also served on the below parties via e-mail and first-class mail:

Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
evan.miller@saul.com
paige.topper@saul.com

*Special Counsel to Plaintiff*

                                                    */s/ Stephanie Slater Ward*
                                                    Stephanie Slater Ward (DE 6922)

4916-0910-8321.v1